IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03009-PAB-KLM

JULIAN MORALES,

     Plaintiff,

v.

SATTINDER RATTAN, in his individual capacity, and
UNITED STATES OF AMERICA,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant Sattinder Rattan's ("Rattan") **Motion for Partial Summary Judgment** [#20][1] (the "Motion"). Plaintiff, who proceeds in this matter as a pro se litigant,[2] filed a Response [#24] in opposition to the Motion. Defendant Rattan did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition. *See* [#21]. The Court has reviewed the Motion, the Response, the entire case

_____

    [1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

    [2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#20] be **GRANTED**.

## I. Summary of the Case

Plaintiff is a pro se inmate currently confined at the Bureau of Prisons' ("BOP") U.S. Penitentiary in Florence, Colorado. *Compl.* [#1] at 1. On December 14, 2017, Plaintiff filed his Prisoner Complaint [#1] against Defendant Sattinder Rattan in his individual and official capacity as a prison healthcare provider, citing the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b), as the basis for this Court's jurisdiction. *Id.* at 3, 4.

Plaintiff's claims involve an ulcer or infection[3] of Plaintiff's big right toe which was caused or aggravated by Plaintiff's Type II diabetes and ultimately required amputation of the toe. *Id.* at 3-5. Plaintiff alleges that Defendant Rattan acted negligently as Plaintiff's "custodial medical caretaker" by failing to appropriately treat the ulcer or infection prior to the amputation despite Plaintiff's medical history, Plaintiff's repeated complaints, and the obvious severity of Plaintiff's condition. *Id.* at 4-5. Specifically, Plaintiff alleges that Defendant Rattan wrongfully diagnosed the ulcer or infection as a foot fungus and directed Plaintiff to treat the toe with a fungal cream which was inadequate. *Id.* at 3-4. Plaintiff further states that the surgeon who performed the amputation informed Plaintiff "that the toe could have been saved had Plaintiff received earlier treatment." *Id.* at 5.

On the face of the Complaint [#1], Plaintiff presents only one claim for relief in which he states that Defendant Rattan "unnecessarily created negligent acts with a reckless disregard for medical needs, causing me to lose a limb[ ] (my right big toe)." *Id.* at 4.

---

[3] At several points in his Complaint [#1] and Response [#24], Plaintiff refers to his medical condition as either an ulcer or infection. *See* [#1] at 3-5; [#24] at 2.

Plaintiff also states that Defendant Rattan acted with deliberate indifference "to Plaintiff's medical [ ]needs, in violation of the E[i]ghth Amendment under cruel and unusual punishment." *Id.* at 5. For relief, Plaintiff seeks money damages from Defendant Rattan and an "order granting an injunction in obtaining recordings of inmate complaints lodged against" Defendant Rattan. *Id.*

On March 26, 2018, Defendant Rattan filed the instant Motion [#20] and a Motion to Dismiss Medical Negligence Claim for Failure to file a Certificate of Review [#19] (the "Motion to Dismiss"). Taken together, the Motions [#19 & #20] construe Plaintiff's Complaint [#1] as asserting the following two claims: (1) an FTCA claim against Defendant Rattan for medical negligence; and (2) a *Bivens*[4] claim against Defendant Rattan for deliberate indifference under the Eighth Amendment. Plaintiff filed a consolidated Response [#24] to both Motions [#19 & #20] on April 12, 2018, in which Plaintiff does not appear to contest this construction. *See generally* [#24]. Accordingly, and after careful review of the Complaint [#1], the Court construes Plaintiff's Complaint as asserting both an FTCA claim for medical negligence against Defendant Rattan in his official capacity and an Eighth Amendment *Bivens* claim for medical indifference against Defendant Rattan in his individual capacity. The instant Motion [#20] seeks summary judgment only on Plaintiff's Eighth Amendment *Bivens* claim for Plaintiff's failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Motion*

---

[4] In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court created a cause of action for money damages and injunctive relief against federal officials acting under color of their authority for violations of an individual's constitutional rights, 403 U.S. at 395-97. *Bivens* only authorizes suit against federal officials in their individual capacities. *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

[#20] at 1, 3-4.[5]

On April 2, 2018, the Court granted Plaintiff's request to take judicial notice of a letter, dated October 12, 2017, addressed to Plaintiff from the U.S. Department of Justice (the "Denial Letter"). *Minute Order* [#22]. According to the Denial Letter, it serves as notification of the final denial of an unidentified federal tort claim under 28 C.F.R. § 14.9. *See Denial Letter* [#16] at 3. The Court took judicial notice of the Denial Letter pursuant to Fed. R. Civ. P. 12(b)(1) to the extent that it had any impact on the adjudication of the Court's subject matter jurisdiction over this action. *Minute Order* [#22] (citing *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000)).

On June 11, 2018, the United States filed a Notice of Substitution [#29] certifying that Defendant Rattan was acting within the scope of his federal employment with the BOP at all times material to the allegations in the Complaint [#1]. [#29] at 1. As such, the United States was substituted for Defendant Rattan on Plaintiff's FTCA claim of medical negligence, pursuant to 28 U.S.C. § 2679(d)(1). [#29]. Defendant Rattan remains named in his individual capacity with respect to Plaintiff's Eighth Amendment *Bivens* claim for purposes of the instant Motion [#20].

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the

---

[5] The Motion to Dismiss [#19] seeks to dismiss only Plaintiff's FTCA claim for medical negligence for Plaintiff's failure to file a certificate of review as required by Colorado law. *See* [#19] at 1. The Motion to Dismiss [#19] and Plaintiff's FTCA claim are addressed by the Court in a separate Recommendation.

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id*.

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere

reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998).

In addition, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). To this end, the Court notes the well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, courts should interfere with the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 268-70 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d at 269 (citations omitted).

### III. Analysis

Defendant Rattan contends that he is entitled to summary judgment in his favor because undisputed facts demonstrate that Plaintiff failed to exhaust his administrative

remedies before filing this case as required by the PLRA. *Motion* [#20] at 3-4. The PLRA requires that administrative remedies relating to a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on the plaintiff to sufficiently plead exhaustion or attach exhibits to the complaint proving exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on the defendant to assert the failure to exhaust in a dispositive motion. Here, Defendant Rattan's failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's Eighth Amendment claim against Defendant Rattan was properly exhausted, that claim must be dismissed without prejudice. *Arocho v. Lappin*, No. 07-cv-02603-REB-KLM, 2011 WL 2292187, at *8 (D. Colo. Apr. 21, 2011) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without

prejudice)); *cf. Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (recognizing that dismissal of untimely grievance should be with prejudice), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008)).

The prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). Defendant Rattan argues that Plaintiff failed to exhaust his administrative remedies because he failed to follow the four-step administrative remedy process established by the BOP. *Motion* [#20] at 4; *Decl. of Belinda Shelton* [#20-1] at 2, 4; *see also* 28 C.F.R. § 542.10, *et seq*.

The BOP grievance procedures applicable to this case are described in the Declaration of Belinda Shelton, a Paralegal Specialist at the United States Department of Justice. *Decl. of Belinda Shelton* [#20-1] at 1. Pursuant to the BOP's grievance policy, inmates must grieve any alleged injuries or unlawful conduct by pursuing the following four-step Administrative Remedy Program: (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response from the prison staff, the inmate must file a formal Request for Administrative Remedy at the institution in which the inmate is incarcerated; (3) if the inmate is not satisfied with the response to his Request for Administrative Remedy, the inmate may appeal the complaint within twenty days of the warden signing the response by filing a Regional Office Administrative Remedy Appeal; and (4) finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C., by filing a Central Office Administrative Remedy Appeal. *Id.* at 2-3; *see also Steele v. Fed. Bureau of Prisons*, 100 F. App'x 773, 775 (10th Cir. 2004). Each

step of this process ordinarily must be completed within a certain time period or the inmate's grievance is considered waived. *Id.* at 4; *Steele*, 100 F. App'x at 775.

Defendant Rattan presents evidence that Plaintiff has not filed any administrative remedy since his incarceration with the BOP. *Decl. of Belinda Shelton* [#20-1] at 4. Therefore, the Court finds that Defendant Rattan has met his initial burden of demonstrating the absence of evidence to show that Plaintiff satisfied the PLRA exhaustion requirement. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute about his alleged failure to exhaust. To carry this burden, Plaintiff "must respond with specific facts demonstrating genuine issues requiring resolution at trial." *Conaway v. Smith*, 853 F.2d 789, 792 n.4 (10th Cir. 1988).

A review of Plaintiff's Response [#24], which is not verified, reveals that he fails to address whether he exhausted his administrative remedies. In his Response [#24], Plaintiff focuses on whether a certificate of review is necessary to plead his medical negligence claim under the FTCA, a requirement that does not pertain to Plaintiff's Eighth Amendment claim and the instant Motion [#20]. [#24] at 1-2; *see Burns v. Ted Laurence, P.A.*, No. 10-cv-2691-WJM-CBS, 2013 WL 3771280, at *4 (D. Colo. July 17, 2013) (noting that "the District of Colorado has distinguished between the analyses for these two separate claims, applying the certificate of review requirement under [C.R.S.] § 13-20-602 to state law claims based upon professional negligence and malpractice, but not to Eighth Amendment claims arising from the same factual circumstances."). While he discusses grievances, he appears to do so in relation to his efforts to obtain complaints filed against Defendant Rattan by other prisoners. *See* [#24] at 2. Given that Plaintiff did not file any supporting evidence to counter Defendant Rattan's affirmative defense that he failed to exhaust,

Plaintiff cannot meet this burden.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (noting that the failure to timely respond waives any right to controvert the facts asserted in the dispositive motion); *Brooks v. Johnson*, 07-cv-00417-EWN-MJW, 2008 WL 906839, at *2-3 (D. Colo. Mar. 31, 2008) (unpublished decision) (finding that the plaintiff's failure to provide any evidence that he appealed his grievances required granting summary judgment on the issue of exhaustion).[6]

Even a charitable review of Plaintiff's Complaint [#1] does not prompt the Court to reach a different conclusion.  Although Plaintiff's Complaint [#1] is verified and generally capable of being used as evidence for purposes of summary judgment review, *Conaway*, 853 F.2d at 792, his statements, without more, are too conclusory and unsupported to establish that factual disputes exist as to whether Plaintiff filed a grievance regarding Defendant Rattan's conduct.  *See Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990); *Conaway*, 853 F.2d at 792-93; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) (noting that affidavit with merely conclusory allegations is insufficient to withstand a defendant's properly supported motion for summary judgment).  While Plaintiff checked the box in his Complaint [#1] to indicate that he exhausted available administrative remedies, he failed to attach any grievances to his Complaint to indicate that any claims

---

[6]  The parties do not address Plaintiff's Denial Letter of which the Court took judicial notice. *See Minute Order* [#22].  However, the Denial Letter appears to relate only to the exhaustion requirement for Plaintiff's FTCA claim and not the exhaustion requirement for his Eighth Amendment *Bivens* claim set forth in the BOP's Administrative Remedy Program.  *See Castro v. USA*, No. 13-cv-00571-JPG-PMF, 2015 WL 4573304, at *3 (S.D. Ill. July 29, 2015) (explaining the distinction between FTCA claims and *Bivens* claims with respect to exhaustion requirements); *see also Steele*, 100 F. App'x at 776 ("[F]iling an FTCA claim would not exempt [an inmate] from the PLRA exhaustion requirement . . ."); *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("[Plaintiff] . . . cannot satisfy the PLRA's exhaustion requirement by filing . . . administrative tort claims). Accordingly, the Court finds that the Denial Letter does not rebut the evidence presented by Defendant Rattan that Plaintiff has failed to file any administrative remedy under the PLRA.

-10-

were exhausted. With no further evidence before the Court, there is absolutely nothing to refute Defendant Rattan's well-supported contention that Plaintiff failed to exhaust his administrative remedies.

Therefore, because exhaustion is mandatory and unexhausted claims may not be brought in court, *Jones*, 549 U.S. at 211, and because Plaintiff has failed to present evidence creating a genuine issue of material fact as to whether his Eighth Amendment claim against Defendant Rattan was properly exhausted, the Court concludes that Defendant Rattan is entitled to entry of summary judgment in his favor and **recommends** that Plaintiff's Eighth Amendment claim be **dismissed without prejudice**. *See Arocho*, 2011 WL 2292187, at *8 (citing *Fields*, 511 F.3d at 1113 (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

## IV. Conclusion

Based on the foregoing,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#20] be **GRANTED** and that Plaintiff's Eighth Amendment claim against Defendant Rattan in his individual capacity be **DISMISSED without prejudice for failure to exhaust administrative remedies**. *See Arocho*, 2011 WL 2292187, at *8.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 13, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge