IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03009-PAB-KLM

JULIAN MORALES,

    Plaintiff,

v.

SATTINDER RATTAN, in his individual capacity, and
UNITED STATES OF AMERICA,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant United States of America's **Motion to Dismiss Medical Negligence Claim for Failure to File a Certificate of Review** [#19][1] (the "Motion").[2] Plaintiff, who proceeds in this matter as a pro se litigant,[3] filed a Response

---

[1] "[#19]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Motion [#19] was filed on March 26, 2018, by Defendant Sattinder Rattan ("Rattan"). On June 11, 2018, the United States filed a Notice of Substitution [#29] certifying that Defendant Rattan was acting within the scope of his federal employment with the BOP at all times material to the allegations in the Complaint [#1]. [#29] at 1. Therefore, pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted for Defendant Rattan on Plaintiff's FTCA claim for medical negligence.

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[#24] in opposition to the Motion. The United States did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition. *See* [#21]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#19] be **GRANTED**.

## I. Summary of the Case

Plaintiff is a pro se inmate currently confined at the Bureau of Prisons' ("BOP") U.S. Penitentiary in Florence, Colorado. *Compl.* [#1] at 1. On December 14, 2017, Plaintiff filed his Prisoner Complaint [#1] against Defendant Sattinder Rattan in his individual and official capacity as a prison healthcare provider, citing the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671-2680, as the basis for this Court's jurisdiction. *Id.* at 3, 4.

Plaintiff's claims involve an ulcer or infection[4] of Plaintiff's big right toe which was allegedly caused or aggravated by Plaintiff's Type II diabetes and ultimately required amputation of the toe. *Id.* at 3-5. Plaintiff alleges that Defendant Rattan acted negligently as Plaintiff's "custodial medical caretaker" by failing to appropriately treat the ulcer or infection prior to the amputation despite Plaintiff's medical history, Plaintiff's repeated complaints, and the obvious severity of Plaintiff's condition. *Id.* at 4-5. Specifically, Plaintiff alleges that Defendant Rattan wrongfully diagnosed the ulcer or infection as a foot fungus and directed Plaintiff to treat the toe with a fungal cream which was inadequate. *Id.* at 3-4. Plaintiff further states that the surgeon who performed the amputation informed Plaintiff

---

[4] At several points in his Complaint [#1] and Response [#24], Plaintiff refers to his medical condition as either an ulcer or infection. *See* [#1] at 3-5; [#24] at 2.

"that the toe could have been saved had Plaintiff received earlier treatment." *Id.* at 5.

On the face of the Complaint [#1], Plaintiff presents only one claim for relief in which he states that Defendant Rattan "unnecessarily created negligent acts with a reckless disregard for medical needs, causing me to lose a limb[ ] (my right big toe)." *Id.* at 4. Plaintiff also states that Defendant Rattan acted with deliberate indifference "to Plaintiff's medical [ ]needs, in violation of the E[i]ghth Amendment under cruel and unusual punishment." *Id.* at 5. For relief, Plaintiff seeks money damages from Defendant Rattan and an "order granting an injunction in obtaining recordings of inmate complaints lodged against" Defendant Rattan. *Id.*

On March 26, 2018, Defendant Rattan filed the instant Motion [#19] and the Motion for Partial Summary Judgment [#20] (the "Motion for Summary Judgment"). Taken together, the Motions [#19 & #20] construe Plaintiff's Complaint [#1] as asserting the following two claims: (1) an FTCA[5] claim against Defendant Rattan for medical negligence; and (2) a *Bivens* claim against Defendant Rattan for deliberate indifference under the Eighth Amendment. Plaintiff filed a consolidated Response [#24] to both Motions [#19 & #20] on April 12, 2018, in which Plaintiff does not appear to contest this construction. *See generally* [#24]. Accordingly, and after careful review of the Complaint [#1], the Court construes Plaintiff's Complaint as asserting both an FTCA claim for medical negligence

---

[5] "The FTCA waives sovereign immunity to allow suits against the United States for injuries caused by negligence or wrongful conduct by federal employees if a private person would be liable for the same conduct." *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1097-98 (10th Cir. 2015) (citing 28 U.S.C. § 1346(b)). In other words, "[u]nder the FTCA, the United States is liable for its tortious conduct in the same manner and to the same extent as a private individual under like circumstances in that jurisdiction would be liable." *Haceesa v. United States*, 309 F.3d 722, 725 (10th Cir. 2002) (citing 28 U.S.C. §§ 1346(b), 2674).

against Defendant Rattan in his official capacity and an Eighth Amendment *Bivens* claim for medical indifference against Defendant Rattan in his individual capacity. The instant Motion [#19] seeks to dismiss only Plaintiff's FTCA claim due to Plaintiff's failure to file a certificate of review as required by Colo. Rev. Stat. § 13-20-602. *See* [#19] at 1, 3-4.[6]

On April 2, 2018, the Court granted Plaintiff's request to take judicial notice of a letter, dated October 12, 2017, addressed to Plaintiff from the U.S. Department of Justice (the "Denial Letter"). *Minute Order* [#22]. According to the Denial Letter, it serves as notification of the final denial of an unidentified federal tort claim under 28 C.F.R. § 14.9. *See Denial Letter* [#16] at 3. The Court took judicial notice of the Denial Letter pursuant to Fed. R. Civ. P. 12(b)(1) to the extent that it had any impact on the adjudication of the Court's subject matter jurisdiction over this action. *Minute Order* [#22] (citing *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000)).

On June 11, 2018, the United States filed a Notice of Substitution [#29] certifying that Defendant Rattan was acting within the scope of his federal employment with the BOP at all times material to the allegations in the Complaint [#1]. [#29] at 1. As such, and pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted for Defendant Rattan on Plaintiff's FTCA claim for medical negligence. [#29]. Accordingly, the United States is the proper defendant with respect to Plaintiff's FTCA claim for purposes of the instant Motion [#20].

## II. Standard of Review

---

[6] The Motion for Summary Judgment [#20] seeks summary judgment only on Plaintiff's Eighth Amendment *Bivens* claim for Plaintiff's failure to exhaust administrative remedies. *See* [#20] at 1. The Motion for Summary Judgment [#20] and Plaintiff's Eighth Amendment *Bivens* claim are addressed by the Court in a separate Recommendation.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).   As the Tenth Circuit has explained, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted) (internal quotation marks omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 566 U.S. at 679 (citation omitted) (internal quotation marks omitted).

### III.  Analysis

As stated above, the United States argues that Plaintiff's FTCA claim for medical negligence should be dismissed because Plaintiff has failed to file a certificate of review as required by C.R.S. § 13-20-602.  *See Motion* [#19] at 1, 3-4.  Plaintiff concedes that he has

not filed a certificate of review but asserts that a certificate of review is not necessary because "[a]n expert witness is not needed in this matter." *Response* [#24] at 2. The parties appear to agree, and the Court concurs, that Colorado law applies to the present dispute because the alleged negligence occurred in the State of Colorado. *See Motion* [#19] at 3; *Response* [#24] at 2; *see FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (stating that the government's "source of substantive liability under the FTCA" is the law of the jurisdiction in which the allegedly negligent or wrongful act or omission occurred).

Pursuant to Colorado law:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

C.R.S. § 13-20-602(1)(a). The certificate of review must demonstrate that the plaintiff has consulted a professional with expertise in the area of the alleged negligent conduct who has reviewed the known facts, records and other materials deemed relevant to the allegations and, "based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification within the meaning of section 13-17-102(4)." *Id.* at § 13-20-602(3)(a). "The certificate of review requirement is not jurisdictional; rather, it acts as an affirmative defense that may be waived." *Tuttamore v. Allred*, No. 11-cv-01522-MSK-KMT, 2013 WL 248163, at *3 (D. Colo. Jan. 23, 2013) (citing *Miller v. Rowtech*, LLC, 3 P.3d 492, 494-95 (Colo. App. 2000)); *see also* C.R.S. § 13-20-602(b)(2) ("[T]he defense may move the court for an order requiring filing of such a certificate."). The purpose of the certificate of review is to "establish a prima facie case of negligence[,]"

*Badis v. Martinez*, 819 P.2d 551, 554 (Colo. App. 1991), *rev'd on other grounds*, 842 P.2d 245 (Colo. 1992), and to ensure that the defendant does not expend "unnecessary time and costs in defending professional negligence claims" by "weed[ing] out frivolous claims at an early stage of the judicial process." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002) (citation omitted).[7]

The Tenth Circuit has held that Colorado's certificate of review requirement applies "to professional negligence claims brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004). Further, the Tenth Circuit has instructed that the certificate of review requirement applies "only if (1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, *and* (2) expert testimony is necessary to substantiate the claim." *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016) (emphasis in the original) (citing C.R.S. § 13-20-602); *see also Keller v. U.S. Dept. of Veteran Affairs*, No. 08-cv-00761-WYD-KLM, 2008 WL 5330644, at *4 (D. Colo. Dec. 19, 2008) (citing *Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. App. 2005) ("A certificate of review is necessary only for those claims of professional negligence which require expert testimony to establish a prima facie case.")). Because C.R.S. § 13-30-602 does not set forth a jurisdictional requirement, "courts have discretion to determine if a certificate of review is necessary." *Fogle v. Elliott*, No. 11-cv-03253-CMA-MEH, 2012 WL 5363800, at *9 (D. Colo. Sept. 18, 2012) (citations omitted). However, if

---

[7] To the extent Plaintiff argues that dismissing Plaintiff's FTCA claim is premature because the Court has not yet directed Plaintiff to submit a certificate of review, this argument is unavailing. Nothing in the statute requires the Court to direct a medical malpractice plaintiff to file a certificate of review. Moreover, the United States has raised the affirmative defense by filing the present Motion [#19] and Plaintiff has not sought an extension of time to file a certificate of review. *See Response* [#24] at 2.

a certificate is deemed necessary, courts will not exempt pro se plaintiffs from filing one and must dismiss the professional negligence claim if a certificate is not filed. *Yadon*, 64 P.3d at 912; *Hill*, 393 F.3d at 1118; C.R.S. § 13-20-602(4) ("The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.").

Turning to the instant Motion [#19], the first requirement is easily satisfied as Plaintiff is asserting a professional negligence claim against Defendant Rattan, a physician employed by the BOP.[8] *See Compl.* [#1] at 4-5. Plaintiff does not appear to challenge that Defendant Rattan is a licensed professional. *See generally Response* [#24]. Moreover, Plaintiff's allegations indicate that the alleged negligence arose from Defendant Rattan's professional treatment of him as Plaintiff's "custodial medical caretaker." *Compl.* [#1] at 4.

With respect to the second requirement, Plaintiff argues that expert testimony is not necessary to substantiate his medical negligence claim. *See Response* [#24] at 1-2. According to Plaintiff, "defendant's misfeasance does not warrant expert testimony where a layman could recognize such blatant mal-negligence [sic], and [Plaintiff's] medical records sufficiently support[ ] the misfeasance of the defendant." *Id.* at 2 ("An expert witness is not needed in this matter where the medical records clearly provide[ ] that at all times of the defendant's negligent act, Plaintiff was diabetic, and the maltreatment of the defendant created the risk, and loss of organ."). The United States does not specifically address the necessity of expert testimony in its Motion [#19] and did not file a reply in support of the

---

[8] In addressing whether the certificate of review requirement applies to Plaintiff's FTCA claim, the Court accepts as true all well-pled facts in the Complaint [#1] and views those facts in a light most favorable to Plaintiff. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

Motion.  However, "[a] court has discretion to determine whether a claim requires expert testimony, and therefore whether the certificate of review requirement is applicable." *Burns v. Ted Laurence, P.A.*, No. 10-cv-2691-WJM-CBS, 2013 WL 3771280, at *2 (D. Colo. July 17, 2013) (citing *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 629 (Colo. 1999)).

Generally, expert testimony in medical malpractice actions is "necessary to determine the standards of professional care and competence which define the concept of reasonableness appropriate to adjudication of such disputes." *Gorab v. Zook*, 943 P.2d 423, 427-28 n.5 (Colo. 1997) (en banc) (citations omitted).  This is because "[t]he question of whether a medical professional's conduct meets the professional standard of care is not within the ambit of common knowledge under Colorado law." *Shinn v. Melberg*, No. 12-cv-01180-LTB-BNB, 2014 WL 334662, at *3 (D. Colo. Jan. 30, 2014) (citing *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App.1995)); *see also Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992) (Colorado courts have applied the certificate of review requirement "to all claims against licensed professionals wherein expert testimony is required to establish the scope of the professional's duty or the failure of the professional to reasonably conduct himself or herself in compliance with the responsibilities inherent in the assumption of the duty.").

Nevertheless, in certain medical negligence cases, expert testimony is not required.  For instance, "[a] plaintiff alleging lack of informed consent on the basis of an asserted non-disclosure of material facts is not necessarily required to present expert testimony to establish his or her claim." *Greenwell v. Gill*, 660 P.2d 1305, 1307 (Colo. App. 1982) (citing *Hamilton v. Hardy*, 37 Colo. App. 375, 549 P.2d 1099 (1976)).  Similarly, "a claim relying

on the doctrine of *res ipsa loquitur* will not require a certificate of review because the facts create a presumption of negligence and, therefore, expert testimony is not necessary." *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003), *as modified on denial of reh'g* (Feb. 6, 2003) (citing *Shelton*, 984 P.2d 623 (Colo. 1999)). Finally, a plaintiff alleging negligent treatment may not be required to introduce expert testimony where the factual context of the proceeding is not sufficiently complex to require expert testimony for establishing the applicable professional standards and minimal levels of competence. *Greenwell*, 660 P.2d at 1307.

Here, the Complaint [#1] alleges that Defendant Rattan misdiagnosed Plaintiff's ulcer or infection as a foot fungus that could be treated by a fungal cream. [#1] at 3. According to Plaintiff, this misdiagnosis and form of treatment amounted to negligence because it failed to prevent the avoidable amputation of Plaintiff's toe, a result that was predictable (according to Plaintiff) due to his Type II diabetes. *Id.* The Court finds that this allegation is precisely the type of claim that requires expert testimony, and thus a certificate of review. The fact-finder has no way of independently assessing the accuracy of Plaintiff's allegation that Defendant Rattan was negligent in his treatment of Plaintiff's toe and whether that negligence was the proximate cause of the amputation. Indeed, despite Plaintiff's contention that expert testimony is not necessary in this case, he seeks to depose the surgeon who performed the amputation to demonstrate that the "toe could have been saved had Plaintiff received earlier treatment." *Id.* at 5.

Moreover, although Plaintiff argues that a "layman" could recognize Defendant Rattan's "blatant" negligence, the Court does not agree that the Complaint sets forth sufficient facts to trigger the doctrine of *res ipsa loquitur* to render expert testimony

unnecessary.  "*Res ipsa loquitur* requires that a plaintiff present evidence that the event is the kind which ordinarily does not occur in the absence of negligence; responsible causes other than the defendant's negligence are sufficiently eliminated by the evidence; and the presumed negligence is within the scope of the defendant's duty to the plaintiff."  *Williams*, 72 P.3d at 398 (citing *Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990)).  In short, "[t]he doctrine applies where the cause of injury is so apparent that a lay person is as able as an expert to conclude that such things do not happen in the absence of negligence."  *Id.* (citing *Holmes v. Gamble*, 624 P.2d 905 (Colo. App. 1980)).  Based on the limited factual allegations in the Complaint [#1], it would not be at all apparent to a lay person, without expert assistance, that Plaintiff's toe could have been saved had he received a different form of treatment from Defendant Rattan.  *See Esposito v. United States*, 165 Fed. App'x. 671, 676 (10th Cir. 2006) (applying almost identical Kansas law on *res ipsa loquitur* and holding that the doctrine was unavailable where expert testimony was necessary to prove plaintiff's case); *Shinn*, 2014 WL 334662, at *5 (finding *res ipsa loquitur* inapplicable where the evidence was insufficient to conclude the alleged ligation of plaintiff's artery would not have occurred absent physician's negligence); *Williams*, 72 P.3d at 397-98 (finding that plaintiff would require expert testimony to show nature of physician's "duty of care with regard to diagnosis and follow up treatment").

Therefore, because the Court finds that expert testimony is necessary to substantiate Plaintiff's FTCA claim for medical negligence, the Court concludes that Plaintiff's failure to file a certificate of review bars him from proceeding on this claim in this case.  C.R.S. § 13-20-602(4) ("The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.").

Accordingly, the Court respectfully **recommends** that the United States' Motion [#19] be **granted** and that Plaintiff's FTCA claim against the United States be **dismissed without prejudice**. *See, e.g., Alpine Bank v. Hubbell*, No. 05-cv-00026-EW-NP, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007) (holding dismissal with prejudice is improper because of failure to file certificate of review, unless egregious circumstances like gross negligence or forgery exist).

## IV. Conclusion

Based on the foregoing,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#19] be **GRANTED** and that Plaintiff's FTCA claim for medical negligence be **DISMISSED without prejudice for failure to file a certificate of review**. *See Alpine Bank*, 2007 WL 218906, at *5.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 13, 2019

BY THE COURT:

*[signature: Kristen L. Mix]*

Kristen L. Mix  
United States Magistrate Judge