IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-03009-PAB-KLM

JULIAN MORALES,

    Plaintiff,

v.

SATTINDER RATTAN, in his individual capacity, and
UNITED STATES OF AMERICA,

    Defendants.
_____

# ORDER
_____

    This matter is before the Court on plaintiff's Petition for Leave, Seeking an Order and Directives Granting Objections in Favor of Plaintiff's Pro Se Litigation [Docket No. 57] and Petition for Reconsideration, on the Alternative Petition, Seeking Leave for Order Reinstating the Claim [Docket No. 58].

    Plaintiff is currently incarcerated at the U.S. Penitentiary in Florence, Colorado. Docket No. 1. On December 14, 2017, plaintiff filed this lawsuit, alleging that defendant Sattinder Rattan, who was plaintiff's medical caretaker, was deliberately indifferent to plaintiff's medical needs. *Id*.[1] On February 13, 2019, Magistrate Judge Kristen L. Mix recommended that the Court grant both the motion to dismiss, Docket No. 19, and the motion for summary judgment, Docket No. 20, and dismiss both of plaintiff's claims without prejudice. Docket Nos. 51, 52. No party filed an objection to either

---

    [1] The factual and procedural background of this case is set out in greater detail in the magistrate judge's recommendation. Docket No. 51 at 2-4.

recommendation. On March 5, 2019, the Court accepted both recommendations and dismissed both claims without prejudice. Docket Nos. 54, 55. On March 8, 2019, plaintiff filed objections to the magistrate judge's recommendations. Docket No. 57. The objections are dated March 5, 2019. *Id*. On March 22, 2019, plaintiff filed a "petition for reconsideration," requesting that the Court reinstate his claim. Docket No. 58.

The Court construes the papers filed by Mr. Morales liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant, who must still "follow the same rules of procedure that govern other litigants." *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

The Court construes Docket No. 57 as plaintiff's objections to the magistrate judge's recommendations. When a magistrate judge issues a recommendation on a dispositive matter, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if it is filed within fourteen days of service of the recommendation. Fed. R. Civ. P. 72(b)(2). If service is by mail, the time to file objections is extended an additional three days. Fed. R. Civ. P. 72(b), 1983 Advisory Committee Note (applying what is now Rule 6(d)). Both recommendations provided notice to plaintiff that objections to the recommendations were due fourteen days after service and that failure to timely object

would waive *de novo* review by the Court. Docket No. 51 at 11-12; Docket No. 52 at 12; *cf. Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (waiver of appellate review applies to *pro se* litigants if properly informed of the consequences of failure to object). Thus, plaintiff's objections were due on March 4, 2019. Plaintiff's objections were signed on March 5, 2019; the envelope bears an inked stamp from the prison dated March 6, 2019, apparently reflecting the date the prison received it into their mail system. Docket No. 57 at 6-7. Plaintiff's objections, even considered as of the date signed rather than the date placed in the prison mail system, were not timely. As plaintiff failed to properly object to the magistrate judge's recommendations, and the Court has already ruled on the recommendations, the Court will deny Docket No. 57 as moot.

The Court construes Docket No. 58 as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Plaintiff argues that his objections were not heard before the case was closed, rendering the Court's closure of the case premature. *See* Docket No. 58. However, as discussed above, plaintiff's objections were not addressed because they were untimely.

Therefore, it was not clear error for the Court to accept the magistrate judge's recommendations before plaintiff's objections were filed.  Plaintiff's motion does not identify any intervening change in the controlling law or any evidence previously unavailable that would cause the Court to reconsider its ruling.  And plaintiff offers no facts or argument from which the Court could conclude that denying his motion would be "manifest injustice."  Because plaintiff fails to show that altering the judgment is warranted, the Court will deny Docket No. 58.

Accordingly, it is

**ORDERED** that plaintiff's Petition for Leave, Seeking an Order and Directives Granting Objections in Favor of Plaintiff's Pro Se Litigation [Docket No. 57] is **DENIED AS MOOT**.  It is further

**ORDERED** that plaintiff's Petition for Reconsideration, on the Alternative Petition, Seeking Leave for Order Reinstating the Claim [Docket No. 58] is **DENIED**.

DATED April 25, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge